JOSEPH M. ROTHBERG (State Bar No. 286363)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: jmr@lnbyg.com

Attorneys Edward M. Wolkowitz,
Chapter 7 Trustee for bankruptcy estate of
Interworks Unlimited Inc.

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>INTERWORKS UNLIMITED INC.,<br><br>Debtor. | Case No. 2:19-bk-17990-VZ<br><br>Chapter 7<br><br>**TRUSTEE'S THIRD OMNIBUS MOTION FOR ORDER APPROVING COMPROMISES OF CONTROVERSIES; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF EDWARD M. WOLKOWITZ IN SUPPORT THEREOF**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)] |

Edward M. Wolkowitz, Chapter 7 Trustee (the "Trustee") for bankruptcy estate (the "Estate") of Interworks Unlimited Inc. (the "Debtor"), hereby moves for an order approving certain compromises of controversies (the "Motion").

The compromises that are the subject of the Motion (the "Compromises") will resolve the Trustee's claims against various defendants who previously settled claims concerning, among other things, avoid and recover transfers pursuant to 11 U.S.C. §§ 544, 547, and/or 548, and 550. By the Compromises, the Trustee will recover a total of approximately $25,000 for the estate,

which will benefit the estate and its creditors. The Compromises are based upon the earlier settlement pending between the Trustee and the three adversary defendants who were the subject to the Second Omnibus Motion for Order Approving Compromises of Controversies [ECF Docket Nos. 165, 170] (the "Second Omnibus 9019 Order"). The adversary defendants who were to make settlement payments to the Estate in accordance with the Second Omnibus 9019 Order were F&J Group LLC ("F&J"), Eric Lu, and Esther Kim (collectively, the "Settling Defendants"). The Settling Defendants who were subject to the Second Omnibus 9019 Order made an initial payment of $90,000 and subsequent installment payments totaling $75,000 in the time since the Second Omnibus 9019 Order was entered on July 3, 2024. Thus, as of December 31, 2025, the Settling Defendants had paid a total of $165,000 out of the $210,000 total settlement amount. Thus, as of December 31, 2025, the Settling Defendants have yet to pay $45,000 remaining on the Settlement. The original settlement which was to be paid in monthly installments of $5,000 through June of 2026.

In or around October of 2025, the Settling Defendants began to express to the Trustee doubts about their ability to make the final payments required under the settlement agreement previously reached with the Trustee. Given the cost an expense that the Estate would incur pursuing collecting on a judgment against the Settling Defendants (which ability to collect remains in doubt) the Trustee agreed to accept (subject to this Court's approval) an offer an immediate onetime payment to the Estate of twenty-five thousand dollars ($25,000), in full and final settlement, rather than wait to see if the $45,000 remaining outstanding would be paid by the final installment date of June 14, 2026.

Thus, this Motion seeks approval of the Estate's Compromises of claims against the Settling Defendants in accordance with the offer for a one-time $25,000 dollar payment instead of the $45,000 in funds to be collected over the course of the next several months, which recovery appears increasingly uncertain.

**WHEREFORE**, the Trustee respectfully requests this Court enter an order:

1. Determining that adequate notice of the Motion was provided to all interested parties;

2

2. Granting the Motion;

3. Approving the Compromises of controversies with the Settling Parties as being in the best interest of the estate and an exercise of the Trustee's reasonable business judgment;

4. Authorizing the Trustee to execute any and all documents necessary to effectuate the Compromises that are the subject of this Motion; and

5. Granting any and other further relief as may be just and proper.

DATED: January 27, 2026                LEVENE, NEALE, BENDER, YOO
                                                                       & GOLUBCHIK L.L.P.

                                                                        By: _____
                                                                          JOSEPH M. ROTHBERG
                                                           Attorneys Edward M. Wolkowitz,
                                                           Chapter 7 Trustee for bankruptcy estate of
                                                           Interworks Unlimited

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

### I. STATEMENT OF FACTS AND TERMS OF THE COMPROMISES

1. On July 9, 2019 (the "Petition Date"), the Debtor filed a voluntary Chapter 7 bankruptcy case.

2. After the Petition Date, Edward M. Wolkowitz was appointed as the Chapter 7 Trustee for the Debtor's bankruptcy estate, and he continues to act in that capacity.

3. The Trustee filed a number of adversary proceedings (the "Adversaries") against various defendants to, among other things, avoid and recover transfers pursuant to 11 U.S.C. §§ 544, 547, and/or 548, and 550.

4. Thereafter, the Trustee reached compromises with the Settling Parties, which were defendants in certain of the Adversaries. As all of the parties were represented by the same counsel, the compromises with the Settling Parties were negotiated together and memorialized in a single settlement agreement (the "Settlement Agreement"). That Settlement Agreement was approved by this Court previously per the Second Omnibus Motion for Order Approving Compromises of Controversies [ECF Docket Nos. 165, 170] (the "Second Omnibus 9019 Order").

5. The compromises that are the subject of the Motion (the "Compromises") will allow the Trustee recover a total of approximately $25,000 for the estate, which will benefit the estate and its creditors. The Compromises are based upon the earlier settlement pending between the Trustee and the three adversary defendants who were the subject to the Second Omnibus 9019 Order. Per that order, the adversary defendants who were to make settlement payments to the Estate in accordance with the Second Omnibus 9019 Order were F&J Group LLC ("F&J"), Eric Lu, and Esther Kim (collectively, the "Settling Defendants"). The Settling Defendants who were subject to the Second Omnibus 9019 Order made an initial payment of $90,000 and subsequent installment payments totaling $75,000 in the time since the Second Omnibus 9019 Order was entered on July 3, 2024. Thus, as of December 31, 2025, the Settling Defendants had paid a total

---

[1] Capitalized terms not defined herein have the same meanings ascribed to them in the preceding Notice of Motion.

of $165,000 out of the $210,000 total settlement amount. Thus, as of December 31, 2025, the Settling Defendants have yet to pay $45,000 remaining on the Settlement. The original settlement which was to be paid in monthly installments of $5,000 through June of 2026.

6. In or around October of 2025, the Settling Defendants began to express to the Trustee doubts about their ability to make the final payments required under the settlement agreement previously reached with the Trustee. Given the cost an expense that the Estate would incur pursuing collecting on a judgment against the Settling Defendants (which ability to collect remains in doubt) the Trustee agreed to accept (subject to this Court's approval) an offer an immediate onetime payment to the Estate of twenty-five thousand dollars ($25,000), in full and final settlement, rather than wait to see if the $45,000 remaining outstanding would be paid by the final installment date of June 14, 2026.

7. Thus, this Motion seeks approval of the Estate's Compromises of claims against the Settling Defendants in accordance with the offer for a one-time $25,000 dollar payment instead of the $45,000 in funds to be collected over the course of the next several months, which recovery appears increasingly uncertain.

8. The Trustee and the Settling Parties each desire to resolve his/her/its respective controversies through the foregoing compromise and agree that litigation of the controversies would be costly and have an uncertain outcome. The instant compromise that are the subject of this Motion are based upon the Settling Parties' respective assertions and supporting documents indicating alleged valid defenses and/or financial hardships.

9. By the Motion, the Trustee seeks the Court's approval of the instant compromises that he reached with the Settling Parties as memorialized and agreed to in the Settlement Agreement. By the instant compromise, the Trustee will recover a total of approximately $25,000 for the estate, which will benefit the estate and its creditors.

///

///

///

///

5

## II. THIS COURT SHOULD APPROVE THE COMPROMISES BECAUSE THEY ARE FAIR AND EQUITABLE, AND IN THE BEST INTEREST OF THE ESTATE

### A. Standards for Approval of Compromises of Claims

Inherent in the grant of jurisdiction to this Court via the District Courts referral of civil proceedings arising under, arising in, or related to cases under Title 11 is the Court's authority, under § 105(a) of the Bankruptcy Code to enter orders approving compromises.  11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title [11]."). This power is expressly recognized in Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, which provides that a court may approve a compromise or settlement after notice is provided in Rule 2002 of the Federal Rules of Bankruptcy Procedure.  F.R.B.P. 2002(a)(3), 9019(a).  Approval of the compromise is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(A) and (O). *See Druker v. Greene (In re Carla Leather, Inc.)*, 50 B.R. 764, 775 (S.D.N.Y. 1985). Lastly, Bankruptcy Code Section 323 authorizes the Trustee to compromise a controversy.  11 U.S.C. § 323(a).

The approval or rejection of a proposed compromise is within the discretion of the Court and is to be determined by the particular circumstance of each case. *See United States of America v. Alaska National Bank of the North (In re Walsh Construction, Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). The burden of establishing the fairness of the compromise rests on the proponent. The Trustee is required to demonstrate that legal evaluations have been made by counsel experienced in such matters and that sufficient investigation has been conducted to enable such counsel to make an informed decision. *See Feder v. Harrington*, 58 F.R.D. 171, 174-75 (S.D.N.Y. 1972).

In determining the acceptability of a proposed compromise, the following four factors should be considered:

    (a)    The probability of success in the litigation;

    (b)    The difficulties, if any, to be encountered in the matters of collections;

    (c)    The complexity of the litigation; and the expense, inconvenience and delay necessarily attending it; and

        (d)      The paramount interest of the creditors and the proper deference to their reasonable views. *See Martin v. Kane (In re A&C Properties),* 784 F.2d 1377, 1381 (9th Cir. 1986); *See also, Lambert v. Flight Transportation (Flight Transportation Corporation Securities Litigation)*, 730 F.2d 1128, 1135 (8th Cir.1984); *cert. denied nom, Reavis & McGrath v. Antinore*, 469 U.S. 1207, 105 S.Ct. 169, 84 L.Ed.2d 310 (1985).

Based upon evidence presented to it, this Court is not required to decide the questions of law and fact in dispute, but instead to canvas the issues to see whether the "settlement falls below the lowest point in a range of reasonableness." *Anaconda-Ericsson Inc. (In re Teletronics Services, Inc.)*, 762 F.2d 185, 189 (2nd Cir. 1985), *quoting*, *In re W.T. Grant Company*, 699 F.2d 599, 608 (2nd Cir. 1983), *cert. denied sub nom, Cosoff v. Rodman*, 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983).

When applying the above standards, and "[i]n passing upon the proposed settlement, the Court must consider the principle that 'law favors compromise." *In re Carson*, 82 B.R. 847, 853 (Bankr. S.D. Ohio 1994) (citations omitted).

**B.**     <u>**Application of Criteria to the Facts of the Instant Compromises**</u>

Application of the above-described standards to each of the Compromises demonstrates that the Trustee has established the reasonableness and fairness of the proposed Compromises with the Settling Parties, and that the instant compromise with the Settling Parties should also be approved.

The Court previously approved the Settlement Agreement with the Settling Defendants in the Second Omnibus 9019 Order. Pursuant to that Order, the Setling Defendants were to pay to the Estate a total of $210,000. As of December 31, 2025, the Settling Defendants had made Defendants had paid a total of $165,000 out of the $210,000 total settlement amount. Thus, as of December 31, 2025, the Settling Defendants have yet to pay $45,000 remaining on the Settlement. The original settlement which was to be paid in monthly installments of $5,000 through June of 2026.

In or around October of 2025, the Settling Defendants began to express to the Trustee doubts about their ability to make the final payments required under the settlement agreement

previously reached with the Trustee. Given the cost an expense that the Estate would incur pursuing collecting on a judgment against the Settling Defendants (which ability to collect remains in doubt) the Trustee agreed to accept (subject to this Court's approval) an offer an immediate onetime payment to the Estate of twenty-five thousand dollars ($25,000), in full and final settlement, rather than wait to see if the $45,000 remaining outstanding would be paid by the final installment date of June 14, 2026.

The prospect of an immediate cash benefit to the estate, instead of attempting to collect on judgments against the Settlement Defendants which may not be collectible at all. The Trustee, in his estimation, determined that immediate collection of $25,000 was a benefit that could not be ignored and should be pursued on behalf of the Estate's Creditors.

    a.    <u>The probability of success in the litigation.</u>

The Trustee, as part of the Settlement Agreement which was approved by the Second Omnibus 9019 Order, has stipulations for entry of judgment which he can file upon default. This would result in a judgment against the Settling Defendants in the amount of $45,000.

    b.    <u>The difficulties in collection.</u>

The real problem with filing the stipulations for entry of judgment in the amount of $45,000 against all the Settling Defendants, rather than immediately collecting on the $25,000 payment from the Settling Defendants, is an issue of collectability, and costs. The additional $20,000 benefit to the Estate from fully collecting on the Stipulated Judgments against the Settling Defendants would very likely be eclipsed by the fees and costs expended doing the same. The Trustee also has significant doubts as to the collectability of the Settling Defendants as well, and the Trustee is informed and believes that the $25,000 payment is debt financed.

Accordingly, the Trustee believes that collection hurdles present significant burden to the Estate and strongly favor acceptance (and Court approval) of the Compromise.

    c.    <u>The complexity of the litigation involved and the expense, inconvenience, and delay attendant to it.</u>

The legal issues involved in the Adversary are no longer complex as the Estate is attempting to collect on the previously approved settlement agreement, and has stipulations for the

1  entry of judgment if the Settling Defendants default. However, the economics of the situation and
2  the complexity of collection present significant hurdles for the Estate to recover, as detailed *supra*.
3  Approving this Compromise will further judicial economy by eliminating the need for further
4  hearings in three Adversary proceedings, resolve all of the foregoing issues and risks, and allow
5  the estate to obtain a known result in the near-term.

6          d.    <u>The interests of creditors.</u>

7  As noted above, the Settlement Agreement with this defendant will result in the estate's
8  receipt of an immediate cash payment, without further litigation and the expense and delay
9  associated therewith or with collection. Under the circumstances, the Trustee believes that the
10 benefit to the estate is significant, and the interests of creditors are best served by the approval of
11 the Settlement Agreement.

12 Based on the foregoing, the Trustee respectfully submits that the Compromise with the
13 Settling Defendants is in the best interests of the estate, and requests that the Court approve the
14 Compromise.

15 ///
16 ///
17 ///
18 ///
19 //
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

### III.

### CONCLUSION

**WHEREFORE**, the Trustee respectfully requests this Court enter an order:

1. Determining that adequate notice of the Motion was provided to all interested parties;

2. Granting the Motion;

3. Approving the Compromises of controversies with the Settling Parties as being in the best interest of the estate and an exercise of the Trustee's reasonable business judgment;

4. Authorizing the Trustee to execute any and all documents necessary to effectuate the Compromises that are the subject of this Motion; and

5. Granting any and other further relief as may be just and proper.

DATED: January 27, 2026            LEVENE, NEALE, BENDER, YOO
                                                                                                      & GOLUBCHIK L.L.P.

By: _____
                              Joseph M. Rothberg
Attorneys Edward M. Wolkowitz,
Chapter 7 Trustee for bankruptcy estate of
Interworks Unlimited

## DECLARATION OF EDWARD M. WOLKOWITZ

I, EDWARD M. WOLKOWITZ, declare that:

1. I am over 18 years of age. Unless otherwise stated, the matters stated herein are within my personal knowledge.

2. I am an attorney, duly licensed to practice before all of the Courts of the State of California and before this Court.

3. I submit this declaration in support of the Motion to which this Declaration is attached. All capitalized but undefined terms herein shall have the same meanings ascribed to them in the Motion.

4. The Compromises, which are the subject of the Motion, are based upon the Settling Parties' respective assertions and supporting documents indicating various alleged affirmative defenses to the respective transfers.

5. By the Motion, I seek the Court's approval of the compromises that I have reached with the Settling Parties (the "Compromises"). By these Compromises, I will recover a total of approximately $25,000 for the estate, which will benefit the estate and its creditors.

6. To date, the Settling Defendants have paid the Estate $165,000 of the $210,000 total settlement amount which was approved by this Court in the Second Omnibus 9019 Order. There remains $45,000 owing, which is supposed to be paid in installments through June 14, 2026. I am informed and believe that the Settling Defendants are having serious financial difficulties and doubt they will be able to finish the $45,000 payments. The Settling Defendants have offered to pay to the Estate, immediately, a onetime payment of $25,000, which I believe is debt financed.

7. I believe that collection of the remaining $45,000 due and owing by the Settling Parties under the Settlement Agreement would be difficult. Based on my experience as a trustee and as an attorney, I believe that the costs of collecting that amount would exceed the potential amounts recovered. Thus, I believe that the Compromise, to accept instead a onetime payment from the Settling Defendants in the amount of $25,000, is reasonable and in the best interests of creditors of the estate.

8. I have well over 20 years of experience as an attorney and a chapter 7 trustee and am familiar with the litigation of the avoidance actions that are at the heart of the disputes with the Settling Parties. Based on my experience and advice of counsel, and for the reasons set forth in the Motion, I believe that the Compromise is fair and reasonable and in the best interests of the estate and its creditors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of January 2026, at Culver City, California.

EDWARD M. WOLKOWITZ

12

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled **Trustee's Third Omnibus Motion For Order Approving Compromises Of Controversies; Memorandum Of Points And Authorities And Declaration Of Edward M. Wolkowitz In Support Thereof** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 27, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Todd M Arnold    tma@lnbyg.com
- Mark David Brutzkus    mbrutzkus@stubbsalderton.com
- Glenn Ward Calsada    glenn@calsadalaw.com, lnw@calsadalaw.com;glenncalsada@gmail.com,lauren@calsadalaw.com
- Gretchen S Carner    gretchens.carner@clydeco.us, kathy.rollins@clydeco.us
- Michael G D'Alba    mgd@lnbyg.com
- Michael W Davis    mdavis@dtolaw.com, ygodson@dtolaw.com
- Sandford L. Frey    sandford.frey@stinson.com, lydia.moya@stinson.com;robyn.sokol@stinson.com;dennette.mulvaney@stinson.com;jnaiya.herd@stinson.com
- James Andrew Hinds    jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com
- Peter L Isola    pisola@hinshawlaw.com, rmojica@hinshawlaw.com,iking@hinshawlaw.com
- Steven N Kurtz    skurtz@lakklawyers.com, ncondren@lakklawyers.com;smcfadden@lakklawyers.com
- Harlan M Lazarus    hlazarus@lazarusandlazarus.com, ctoth@lazarusandlazarus.com
- Jared H Louzon    jared@mizlegal.com
- Noreen A Madoyan    Noreen.Madoyan@usdoj.gov
- Tom Roddy Normandin    tnormandin@pnbd.com, cathyjones@pnbd.com
- Jiangang Ou    jou@archerlaw.com
- Michael J Perry    mjp@michaeljperrylaw.com, mjperrylaw@gmail.com
- Kurt Ramlo    RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
- Todd C. Ringstad    becky@ringstadlaw.com, arlene@ringstadlaw.com
- Joseph M Rothberg    jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- Scott H Siegel    ssiegel@laklawyers.com, smcfadden@laklawyers.com
- David G Skillman    dskillman@tuttleyick.com
- Jeffrey L Sumpter    jsumpter1@cox.net
- Ashley M Teesdale    ateesdale@bg.law, ecf@bg.law
- David A. Tilem    davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;TilemDR69450@notify.bestcase.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Rebecca L Wilson    rwilson@ohaganmeyer.com, Kathy.powell@kutakrock.com;wendy.bonsall@kutakrock.com
- Edward M Wolkowitz    emw@lnbyg.com
- Edward M Wolkowitz (TR)    emwtrustee@lnbyg.com, ecf.alert+Wolkowitz@titlexi.com

**2. <u>SERVED BY UNITED STATES MAIL</u>**: On **January 27, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    **F 9013-3.1.PROOF.SERVICE**

and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** <u>(state method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 27, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 27, 2026 | Rebecka Merritt | /s/ Rebecka Merritt |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                     **F 9013-3.1.PROOF.SERVICE**